# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: September 28, 2026

* * * * * * * * * * * * * * *
ELIZA WELDER, *
Petitioner, * No. 22-764V
v. * Special Master Young
SECRETARY OF HEALTH AND HUMAN SERVICES, *
Respondent. *
* * * * * * * * * * * * * * *

*Mark Theodore Sadaka,* Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner;
*Julianna Rose Kober*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On July 14, 2022, Eliza Welder ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program. 42 U.S.C. §§ 300aa-10 to -34 (2018)[2] (the "Vaccine Act" or "Program"). Pet., ECF No. 1. Petitioner alleged that the administration of a tetanus, diphtheria, and pertussis ("Tdap") vaccine she received on July 17, 2019, caused her to suffer "vaccine-induced collagenous colitis." Pet., ECF No. 1. On December 1, 2025, Petitioner filed an unopposed motion for a decision to voluntarily dismiss her petition. ECF No. 38. The next day, I issued a decision dismissing the petition for insufficient proof. ECF No. 39.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.
[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

On February 24, 2026, Petitioner filed a motion for attorneys' fees and costs. Pet'r's Mot. for AFC, ECF No. 43. Petitioner requests total attorneys' fees and costs in the amount of $35,414.24, representing $29,703.80 in attorneys' fees and $5,710.44 in attorneys' costs. Additionally, Petitioner did not request reimbursement of any personally incurred out-of-pocket costs. *Id.* Respondent responded to the motion on March 6, 2026, stating that Respondent "defers to the court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-5. ECF No. 44. Petitioner filed a reply requesting an award of fees and costs as indicated in the motion. ECF No. 45.

This matter is now ripe for consideration.

## I. Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). In this case, although petitioner's claim was ultimately dismissed, I find that good faith and reasonable basis existed throughout the matter. A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A. Reasonable Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[3]

I have reviewed the hourly rates requested by Petitioner for the work of her counsel at Law Offices of Sadaka Associates, LLC (the billing records indicate that the majority of attorney work was performed by Mr. Mark Sadaka, with supporting work from paralegals). The rates requested in this matter for work performed from 2020-2025 are consistent with what counsel and support staff have previously been awarded for their Vaccine Program work, and I find them to be reasonable for work performed in the instant case.

### B. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review, I find the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review I do not find any of the billing entries to be unreasonable. Respondent provided no specific objections to the rates or amounts sought. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of **$29,703.80.**

### C. Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $5,710.44 in attorneys' costs comprised of acquiring medical records, postage, the Court's filing fee, and expert services provided by M. Eric Gershwin, M.D., at $500.00 per hour for 11.25 hours. Pet'r's Mot. for AFC, Ex. B at 19.

Dr. Gershwin's rate is consistent with what he has been previously awarded for his work in the Vaccine Program, and I find his request reasonable herein. *See Paul v. Sec'y of Health & Hum. Servs*., No. 17-078V, 2021 WL 4946913, at *3 (Fed. Cl. Sept. 21, 2021). Petitioner has provided adequate documentation for all claimed expenses, and they appear reasonable in my experience. Accordingly, Petitioner is awarded the full amount of costs sought, totaling **$5,710.44.**

---

[3] The OSM Fee Schedules are available at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable. Based on the above analysis, I hereby compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | **$29,703.80** |
| (Reduction of Fees) | - |
| Attorneys' Costs Requested | **$5,710.44** |
| (Reduction of Costs) | - |
| | |
| **Total Attorneys' Fees and Costs** | **$35,414.24** |

**Accordingly, I award Petitioner a lump sum in the amount of $35,414.24, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

s/Herbrina D. S. Young
Herbrina D. S. Young
Special Master

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.